UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JOHN WILLIAM REYLE,


                    Petitioner,

v.                                                      Case No. 3:18-cv-451-34JRK

STATE OF FLORIDA, FLORIDA
ATTORNEY GENERAL,

                    Respondents.
_____

## ORDER

Petitioner, John William Reyle, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1, Petition) on April 4, 2018. Petitioner challenges a 2001 state court (Duval County, Florida) conviction for lewd or lascivious act – sexual battery of a minor twelve to sixteen years of age. Doc. 1 at 1.

### a.      Reyle's 2001 Conviction

On January 20, 2000, Reyle entered a plea of guilty to the charge of lewd or lascivious act – sexual battery. See State v. Reyle, 16-1999-CF-3940 (Fla. 4th Cir. Ct.). That same day, the circuit court withheld adjudication of guilt and placed Reyle on sexual offender probation for a term of eighteen months. Id. On or about October 19, 2000, the Jacksonville Sheriff's Office arrested Reyle for violating the conditions of his sexual offender probation. Id. Reyle pled guilty to violating his probation on January 16, 2001. Id. That same day, the circuit court revoked Reyle's probation, adjudicated him guilty of lewd or lascivious act – sexual battery, and sentenced Reyle to incarceration for a term

of twenty months.  Id.  Reyle did not seek a direct appeal of his judgment and sentence nor did he file any motions for postconvicton relief.  Id.  Upon review of the Florida Department of Corrections (FDOC), Corrections Offender website, it appears Reyle completed his twenty-month sentence on March 20, 2002.  See Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited Apr. 11, 2018).

### b.    Reyle's 2004 Conviction

On or about May 17, 2004, the Clay County Sherriff's Office arrested Reyle, which resulted in the State of Florida charging Reyle by information.  See State v. Reyle, 2004-CF-692 (Fla. 4th Cir. Ct.).  Thereafter, on or about July 21, 2004, Reyle was convicted of lewd and lascivious sexual battery of a victim twelve to fifteen years of age.  Id.; see also Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited Apr. 11, 2018).  It appears the circuit court sentenced Reyle to a term of incarceration, followed by a term of probation for his new sexual battery conviction.[1]  See Reyle, 2004-CF-692 (Fla. 4th Cir. Ct.).  FDOC released Reyle from his most recent term of incarceration on July 18, 2015.[2]  See

---

[1]Reyle obtained his 2004 state convictions in the Fourth Judicial Circuit in and for Clay County, Florida.  See Reyle, 2004-CF-692.  The Court does not have access to documents pertaining to Reyle's 2004 conviction, so the duration and terms of Reyle's sentence are unclear.  Nevertheless, the Court takes judicial notice of the docket entries' descriptions.  Id.

[2]According to FDOC's website, July 18, 2015, is the date that FDOC released Reyle from his last term of incarceration.  See Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited Apr. 11, 2018). The Court takes judicial notice of FDOC's "prior prison history" and observes that Reyle's most recent FDOC prison sentence was for his 2004 conviction. Id.

Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited Apr. 11, 2018).

### c. Reyle's Pending State Charges and Current Incarceration

In the Petition, Reyle states he is currently confined at the Clay County jail. <u>See</u> Doc. 1 at 1. According to the Clay County Sheriff's Office website, the Clay County Sheriff's Office arrested Reyle on February 14, 2018. <u>See</u> Clay County Sheriff's Office, Detention/Jail, Inmate Inquiry, available at http://p2c.claysheriff.com/ (last visited Apr. 11, 2018). Reyle is currently confined at the Clay County pretrial detention facility awaiting resolution of the following pending state charges: failure to register as a sexual predator; failure to report vacating permanent residence; failure to update Florida identification; failure to report name or residence change; and giving false information at registration. <u>See</u> <u>id.</u>

### d. Reyle's § 2254 Petition and Analysis

In this Petition, Reyle requests that the Court remove his 2001 state conviction from his permanent record. <u>See</u> Doc. 1 at 15. In support of this request, Reyle appears to raise three grounds for relief.[3] First, Reyle asserts "the Romeo and Juliet act" or "exception" should apply retroactively to his conviction because he was only four years older than the minor victim when he committed the offense. <u>See</u> Doc. 1 at 5, 7. Next, Reyle contends that he is actually innocent of the crime because his conviction falls under "the Romeo and Juliet exception." <u>See</u> Doc. 1 at 8. Finally, Reyle avers that he is actually

---

[3] The Court combines grounds one and two because in both, Reyle asserts the same allegations.

innocent of the crime because his counsel failed to depose the alleged victim who would have offered exculpatory testimony.  See Doc. 1 at 10.

A United States district court shall "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).  The "in custody" requirement is jurisdictional but nevertheless is liberally construed.  Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015).

> The Supreme Court has stated that the "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng, 490 U.S. at 490-91, 109 S.Ct. at 1925.[4]  Accordingly, where a petitioner's sentence has fully expired, he does not meet the "in custody" requirement, and the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crime is not enough to render him "in custody." Id. at 492, 109 S.Ct. at 1926.  The Supreme Court further noted that, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  Id. Such collateral consequences included the inability to vote, engage in certain business, hold public office, or serve as a juror. Id. at 491-92, 109 S.Ct. at 1925-26.

Birotte v. Sec'y for Dep't of Corr., 236 F. App'x 577, 578 (11th Cir. 2007) (per curiam).

Although the "in custody" requirement must be construed broadly, it "still requires that the state exercise some control over the petitioner."  Howard, 776 F.3d at 775.

---

[4] Maleng v. Cook, 490 U.S. 488 (1989); see Howard, 776 F.3d at 776 (recognizing that "[s]ection 2241 also requires a close relationship between the state's custody and the alleged constitutional violation.  Specifically, a person must be in custody under the conviction or sentence under attack at the time his petition is filed" (quotation and citations omitted)).

However, when [a] § 2254 petition can be construed as asserting a challenge to the current state sentence that was enhanced by an allegedly invalid prior state conviction, the petitioner is "in custody" for purposes of federal habeas jurisdiction. [Maleng,] at 493–94, 109 S.Ct. at 1926–27; see also Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 399–402, 121 S.Ct. 1567, 1571–73, 149 L.Ed.2d 608 (2001) (concluding § 2254 petitioner satisfied "in custody" requirement because the earlier state conviction he nominally sought to challenge had been used to calculate his sentencing range for his later state conviction).[5]

Green v. Price, 439 F. App'x 777, 781-82 (11th Cir. 2011).

Reyle has not satisfied the "in custody" requirement. His 2001 conviction that he challenges in this case expired on March 20, 2002. Reyle filed the instant Petition sixteen years later. Because Reyle is no longer serving a sentence for his 2001 conviction, he cannot bring a federal habeas action directed solely at that conviction. Further, the Court declines to construe this Petition as a challenge to Reyle's current state custody. Reyle does not allege that he continues to be subject to state control as a result of his 2001, expired conviction nor that its existence enhanced his current incarceration. However, even if Reyle did make such an allegation, it would be unfounded. Reyle's current incarceration is not the result of another subsequent conviction. Instead, Reyle is currently in pretrial custody awaiting disposition of pending state charges regarding sexual-offender registration requirements – registration requirements that are more temporally and logically related to Reyle's 2004 sexual battery conviction and sentence.

---

[5] The Court notes that a petitioner who alleges that a prior conviction was used to enhance a current sentence must also allege the prior conviction was obtained without the benefit of counsel, in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792 (1963). See Lackawanna County, 532 U.S. at 404. However, since Reyle is not currently under a state sentence and because the Court has determined it currently lacks jurisdiction, the Court finds it is unnecessary to conduct a Gideon or Lackawanna analysis.

Thus, Reyle has not satisfied the "in custody" requirement for purposes of federal habeas jurisdiction. <u>See</u> <u>Maleng</u>, 490 U.S. at 492, 109 S. Ct. at 1926 (holding the mere possibility that a fully served sentence might be used to enhance a new sentence did not render petitioner "in custody" for habeas purposes).

Accordingly, it is **ORDERED AND ADJUDGED**:

1.      This case is **dismissed without prejudice** for lack of jurisdiction.

2.      The Clerk of Court is directed to enter judgment **dismissing this case without prejudice**, terminating any pending motions, and closing the case.

3.      If Reyle appeals the dismissal of the case, the Court denies a certificate of appealability.[6] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of April, 2018.

MARCIA MORALES HOWARD
United States District Judge

Jax-7
C:
John William Reyle, Clay County Jail #100574

---

[6] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.